## COHN v. PALMER.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. NEGLIGENCE—COLLISION BETWEEN VEHICLES—INJURIES—EVIDENCE—SUFFI-
CIENCY.
   In an action for personal injuries alleged to have been caused by the negligent driving of a truck against plaintiff's push cart in the street, evidence considered, and *held* to require submission of defendant's negligence to the jury.

2. SAME—INSTRUCTIONS—REFUSAL.
   Refusal of defendant's request that if, by exercise of reasonable care, plaintiff could have seen the truck, and ought to have apprehended the danger, he was chargeable with negligence in not moving away if able to do so, was not error where the court charged at defendant's request that if plaintiff could have seen the approaching truck he was not at liberty to take even doubtful chances of being too near the track on which it was passing, in the face of apparent danger and relying on his own supposition that the truck would turn out.

3. SAME—INVASION OF PROVINCE OF JURY.
   A request to charge that, if the horse and whiffletree and the front wheels of defendant's truck passed safely by the plaintiff, and the collision between defendant's truck and the plaintiff was caused by the rear

wheels of the truck sliding toward the plaintiff by reason of an uneven-
ness in the pavement, such collision was not due to negligence on the part
of the defendant or his servant, was properly refused because taking the
question of the driver's negligence under such circumstances from the
jury.

Appeal from trial term, Kings county.

Action by Morris Cohn, by guardian ad litem, against Clarence M.
Palmer. From a judgment for plaintiff and from an order denying
a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Joseph A. Burr, for appellant.
James D. Bell (A. H. Dailey, on the brief), for respondent.

WOODWARD, J. The plaintiff, a boy 17 years of age, has re-
covered a judgment, entered upon the verdict of a jury, for $9,084.73,
for damages sustained by reason of the negligence of the defendant's
servant in driving a heavily loaded truck against a push cart belong-
ing to the plaintiff, by reason of which he was thrown under one of
the wheels of the truck and his foot crushed, so that amputation was
necessary. The defendant appeals from the judgment, and from the
order entered denying a motion for a new trial.

The evidence is conflicting. The plaintiff's theory is that he was
lawfully in Kent avenue, going from Wallabout Market to the ferry
at the foot of Broadway, and that, when he had reached a point di-
rectly in front of the American Ice Company's plant, he placed his
push cart up near the curbstone, and was standing between the
handles of his cart to rest. While in this position the truck of the
defendant, heavily laden with sugar, came along, running in a souther-
ly direction, and the forward wheel of the truck collided with the
push cart, throwing the boy under the wheel and doing the injury
complained of in this action. The defendant's theory is that the
truck was running in one of the street car tracks, one of the wheels
projecting over the rails, and that, if the truck was in this position,
it could not have touched the push cart if it had been up near the curb
line, and that the boy must have been closer than his evidence indi-
cates, or that he must have moved toward the truck after the horses
had passed in order to receive the injuries. Between these two
theories there was not only a sharp conflict in the evidence, but there
was much of confusion among the witnesses as to what actually hap-
pened. Of course, if the boy had his cart up close to the curbstone,
and he was in plain view of the defendant's driver, as it is conceded
he was, he had a right to remain in that position and to presume
that he would not be run down, particularly as there is no suggestion
that there was any lack of room for the defendant to pass without
coming in collision with his cart. On the other hand, if the boy had
his cart in the street close to the car tracks, and could see, as he
said he could, the approach of defendant's truck, and made no effort
to avoid the collision, he would be guilty of contributory negligence.
The jury has reached the conclusion that the plaintiff's version of the
accident is the true one, and while it must be conceded, as it is by

counsel for the plaintiff, that the jury might very properly have found that the defendant's was in fact the true story of the accident, we are not prepared to say that there is not sufficient evidence to support the jury in its determination. The plaintiff, if his story is accepted, had withdrawn from the activities of the street; he had placed his cart up alongside of the curbstone, and was standing there, resting. This could not be said to be negligence, as a matter of law; he was out of the current, and could not be compelled to take his cart outside of the curb line. If he was run down at this point by one who could see his position, and who had plenty of opportunity to pass him in safety, the plaintiff could not be said to have been guilty of negligence contributing to the accident, as a matter of law, unless there was some special reason why he should have abandoned his property and sought his own safety, and there is nothing in the evidence to show that he was called upon to exercise any such degree of vigilance. The case, it seems to us, was one peculiarly for a jury.

The counsel for defendant asked the learned trial court to charge the jury—

"That if, by the exercise of reasonable care, the plaintiff could have seen the approaching truck, and ought to have apprehended the danger of the situation, he was chargeable with negligence in not moving away from the approaching truck if he was able to do so."

The court declined to charge in that language, and an exception was noted for the defendant. Defendant then asked the court to charge that—

"If, by the exercise of reasonable care, the plaintiff could have seen the approaching truck, he was not at liberty to take even doubtful chances of being too near the track upon which it was passing, in the face of the apparent danger of the situation, and relying upon his own supposition that the truck would turn out and alter its course. The Court: If it was apparent danger to him, do you mean? Mr. Burr: Yes. (Charged.)"

Defendant urges that it was error to refuse to charge as first requested, but as the subsequent request, embracing substantially the same proposition, was charged, and accepted as the law by defendant's counsel, we are of opinion that he is not in a good position to urge the point, assuming it to have merit. The refusal was to charge the law in the. language of defendant's counsel, and, when the substance of the request was put in different form, the charge was made, and counsel acquiesced in the rule thus laid down, and this, we think, fairly stated the law to the jury, who were not likely to be misled in the premises. As finally stated to the jury, they were told that if the plaintiff, in the exercise of reasonable care, could have seen the approaching truck, he was not at liberty to take even doubtful chances of being too near the track upon which it was passing, in the face of the apparent danger of the situation, provided the danger was apparent to him, and relying upon his own supposition that the truck would turn out and alter its course. That is, the plaintiff, in a position to know and appreciate an apparent danger, would not be free from contributory negligence if he remained passive and relied upon the defendant's driver changing his course. He was.

not, however, obliged to anticipate dangers which were not apparent; he was not obliged to assume that a wagon, with full opportunity to avoid a collision, would drive down upon him when he was entirely out of the path which the wagon was following, which was apparently the impression which the language of the proposed charge was intended to convey, and it was to obviate any matter of this kind that the court refused to adopt the language of the request. The charge, as finally completed, was as favorable as the defendant was entitled to, and it was apparently accepted as a substitute for the language of the previous request, for there was no exception to the charge as it was finally given to the jury.

Defendant also urges that there was error in the court's refusal to charge the following request:

"I ask your honor to charge the jury that, if the horse and whiffletree and the front wheels of defendant's truck passed safely by the plaintiff, and the collision between defendant's truck and the plaintiff was caused by the rear wheels of the truck sliding toward the plaintiff by reason of an unevenness in the pavement, such collision was not due to negligence on the part of the defendant or his servant, and, if the collision occurred under such circumstances, the plaintiff cannot recover."

Obviously the court was not in a position to declare, as a matter of law, that there was no negligence under the circumstances suggested; it was for the jury to say whether, under the evidence as to the condition of this highway, the defendant had discharged its duty by having the forward part of the wagon pass the plaintiff in safety. If the pavement was in a condition where the rear wheels of the truck were likely to slide and cause injury, then it was the duty of the defendant to use reasonable care to prevent such a result, just as much in reference to the rear wheels as to the forward wheels. It is all a question of reasonable care, and what constitutes reasonable care is for the jury, under all of the circumstances, to determine. So, when the learned court refused to charge as requested, "on the ground that the driver's business was to take notice of the condition of the street, which was visible to him by sight and proper care, and govern himself accordingly," there was merely a statement of the proposition that it was for the driver, having in view the condition of the highway, to govern his conduct accordingly; that is, he was to use reasonable care, having in view the condition of the pavement. We think that the defendant was not entitled to the charge requested, and that the learned court did not err in this regard.

The judgment and order appealed from should be affirmed, with costs. All concur.